**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0293, <u>State of New Hampshire v. James Bazinet</u>, the court on November 15, 2016, issued the following order:**

Having considered the memoranda filed in response to our order of September 6, 2016, relative to the bail issue, and the record provided on appeal, we conclude that oral argument is unnecessary to resolve the bail issue. We affirm the trial court's decision to deny bail pending appeal.

RSA 597:1-a (Supp. 2015) governs a request for bail pending appeal. It provides that, for a person who has been convicted of a felony and sentenced to imprisonment, bail is generally not available, unless that person establishes:

> (1) By clear and convincing evidence, taking into consideration the nature of the crime and the length of the sentence imposed, that the person is not likely to fail to appear to answer the judgment following the conclusion of the appellate proceeding, or to pose a danger to himself or herself or to any other person or the community, or to intimidate witnesses, or otherwise to interfere with the administration of justice; and

> (2) By a preponderance of the evidence that the appeal will not likely be frivolous or taken merely for delay.

RSA 597:1-a, III(a). In the event the trial court denies a request for bail pending appeal, the statute requires that it "provide for the record the reasons for such denial." RSA 597:1-a, V.

In this case, the defendant, James Bazinet, was convicted of negligent homicide, <u>see</u> RSA 630:3 (2016), by driving a motor vehicle while he was intoxicated and causing a fatal collision. The Superior Court (<u>Colburn</u>, J.) sentenced him to a stand-committed term of imprisonment of five-to-ten years. At his sentencing hearing, after the trial court announced this sentence, the defendant requested that it continue his bail pending an appeal, arguing that he had not been arrested while the case had been pending in the trial court, that he had appeared for trial and sentencing, and that he had regular medical appointments. The State countered that the case had "dragged on . . . since 2013," that the defendant was now "an even greater flight risk," and that the State Prison would attend to his medical needs. The State also incorporated arguments it had earlier made in unsuccessfully requesting that the court

revoke bail, including an argument that he was a danger to the public because he had been convicted of negligent homicide, and had been convicted several times of driving while intoxicated in Massachusetts.

The trial court denied the request for bail pending appeal, explaining:

> I'm going to not issue a bail order pending appeal. I think, although I know there are a number of appeal issues at the forefront of this, I'm not inclined to do that in almost any case, with rare exceptions, and I don't find that there are any circumstances around this case that would encourage me to do so.

On appeal, the defendant argues that the trial court "did not undertake the statutorily-required analysis" because it failed to "discuss the risk that [he] would not appear following appeal proceedings," the "potential danger he may pose to the community," or the merits of his appeal issues. We ordinarily assume, however, that the trial court made all findings necessary to support its decision. See State v. Silva, 158 N.H. 96, 102 (2008). Moreover, although the trial court was required to "provide for the record [its] reasons" for denying the request for bail pending appeal, RSA 597:1-a, V, at no point did the defendant request specific findings with respect to the statutory elements, see State v. Addison (Capital Murder), 165 N.H. 381, 443 (2014).

Under RSA 597:1-a, III(a), the defendant was not entitled to bail unless he could establish, by clear and convincing evidence, that he was not a flight risk and posed no danger to the community. Here, the trial court had imposed a substantial prison term on the defendant for causing the death of another by driving while intoxicated, and according to the State, he had been convicted several times before of driving while intoxicated. The only reasons offered by the defendant for granting bail were that he had not been arrested, and had shown up for trial, while the case was pending, and that he was being treated for medical issues. Under these circumstances, the trial court reasonably could have found that the defendant failed to carry his burden of proof.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**